862

CUNO ENGINEERING CORPORATION
v. MEEHL et al.

No. 275.

Circuit Court of Appeals, Second Circuit.
Aug. 6, 1940.

Hyland R. Johns, of New York City
(Robert S. Allyn, of New York City, of
counsel), for appellant.

Bernard A. Schroeder, of Chicago, Ill.,
and W. Lee Helms, of New York City
(Chritton, Wiles, Davies, Hirschl & Daw-
son, of Chicago, Ill., of counsel), for appel-
lees.

Before SWAN, CHASE, and PATTER-
SON, Circuit Judges.

SWAN, Circuit Judge.

This is a suit in equity for patent in-
fringement. The plaintiff, a Connecticut
corporation, is the owner of three patents
relating to cordless electric cigar lighters
such as are commonly installed in automo-
biles. The defendants are members of a
partnership maintaining a store in Middle-
town, Connecticut, where they sell replace-
ment parts for automobiles, specializing in
pistons, axles and gears. They have never
kept on hand a stock of cigar lighters or
replacement parts therefor. On two oc-
casions the plaintiff sent its employees to
the defendant's store to purchase a Sinko
standard equipment cigar lighter, model
1906, and a Sinko replacement heater-unit,
model 501. These items are manufactured
by Sinko Tool & Manufacturing Company
of Chicago, Illinois. The defendants or-
dered them and subsequently made the
sales which are charged as infringements
of the patents. Although not parties to
the suit, John Sinko and the Sinko Tool &
Manufacturing Company openly and ac-
tively defended the cause and paid the ex-
penses of defense.

The claims in suit are claims 2, 12, 17, 19
and 23 of Wolfson patent No. 1,980,157
dated November 6, 1934; claims 6, 12, 13,
14, 15, 16 and 18 of Ashton patent No.
2,060,783 dated November 17, 1936; and
claims 3 and 4 of Wolfson patent No. 2,-
093,116 dated September 14, 1937. The
claims in issue of the first Wolfson patent
were held not infringed, and those of the
other two patents invalid.

The first Wolfson patent, No. 1,-
980,157, describes an electric cigar lighter
to be clamped to the dashboard of an au-
tomobile. Essentially it consists of a fixed
projecting socket and a removable plug or
knob cooperating therewith. The plug car-
ries a resistance coil that becomes hot when
the electrical circuit is closed by manual-
ly pressing the inner end of the plug against
a contact member carried within the sock-
et. In normal position the circuit is open,
the two poles being held apart by the
action of a helical spring carried by the
plug. The skirt portion of the plug sur-
rounds the socket so that the plug may be
carried on the socket.

The prior art shows many instances of
electric cigar lighters consisting of a fixed
socket and a removable plug. In the light
of prior patents it may well be doubted
whether Wolfson made any patentable im-

provement over earlier lighters. In all essentials the patent to Cohen, No. 2,037,-882, which is prior art because of its earlier application date, would seem to be an anticipation. Cohen, it is true, has the spring in the socket instead of in the knob; but obviously that is merely a matter of the designer's choice. Putting the spring in the knob was nothing new. The patent to Winters shows it; and so do the Zecchini patent and the Mahan patent. But we need not and do not decide that the first Wolfson patent is invalid. We shall assume the validity of the precise combination disclosed by Wolfson but in the crowded condition of the art his claims must necessarily be narrowly construed and the range of equivalents correspondingly restricted.

The 1906 type lighter is charged to infringe claims 19 and 23 of the first Wolfson patent. The district court found no infringement. We agree. Claim 19 reads as follows: "A cigar lighter of the cordless type including socket and plug members, one of which is removable and the other stationary, a heater element carried by the removable member, electrical connections carried by each of said members for engagement with the connections of the other member, the removable member being normally carried by the stationary member in an open circuit position and being bodily movable with respect to the stationary member into a closed circuit position for supplying current to the heater element, a spring carried by said removable member and arranged for cooperation with said stationary member to bodily move said removable member to an open circuit position from a closed circuit position upon removal of pressure from the removable member, said removable member being of insulating material and having a conducting tube therein on which said heater is mounted adjacent to the rear portion of the removable member, said spring being coiled about said tube, and abutments on said tube for limiting the action of said spring." This claim clearly requires the plug to be "bodily movable" into a closed circuit position and "to bodily move", under influence of the spring, into an open circuit position when manual pressure on the plug is withdrawn. Claim 23 also calls for bodily movement of the plug. This requirement is not met by the 1906 lighter. In it the heating coil of the plug and the contact element of the socket are in constant engagement, and the electrical circuit is closed by manual pressure or opened by spring pressure through the movement of parts carried within the plug. In this respect it follows the teaching of Zecchini, patent No. 1,437,701, not of Wolfson.

Claims 2, 12 and 17 of the first Wolfson patent are said to be infringed by the replacement heater unit, model 501. Here also we agree with the district court that there was no infringement. Claim 2 calls for a "contact ring slidable on" a metal tube fixed in the plug. Claim 12 calls for the same element in similar language. In the 501 igniter the contact ring is slidable inside the metal tube. Since the construction of these patents must be narrow, in view of the inclusiveness of the prior art, this variation would be enough to sustain the finding of non-infringement. See The Automatic Devices Corp. v. Sinko Tool & Mfg. Co., 7 Cir., 112 F.2d 335. While claim 17 does not contain the language of claims 2 and 12, and therefore should not be limited by that language, it must be limited by the language of the specifications. Where the prior art is very inclusive, and the patent must be read narrowly, broad claims will be read in the light of the disclosure of the specifications, and cannot be interpreted to include forms of construction and ideas not there set forth. Weiss v. R. Hoe & Co., 2 Cir., 109 F.2d 722, 727. In the specifications the annular element is described as slidable on the sleeve, and the description of the method of assembly contemplates this position for the ring, as does the direction that the flange be turned up to keep the ring in place. The comparative simplicity of 501 seems to be due in part to the difference of the spring and of the annular element and sleeve, and these seem sufficiently different to demand a finding of no infringement. This being so, there is no need to discuss the validity of the patent.

In the light of the prior art, the court below found the claims in issue of Ashton 2,060,783 and of Wolfson 2,-093,116 invalid for lack of invention. With this conclusion we agree. There is no reason for here repeating what was said by the district court in its findings and comments, for that was adequate. The parts are all old and the combinations of them not such as to be invention; nothing done was outside the field of ordinary mechanical skill, given the prior art. Not only are the parts old, but they perform in the plaintiff's patents all the old functions, even

though they may have been transferred from socket to plug.

The decree is affirmed.

Before he resigned Judge PATTERSON heard the argument of this appeal, and voted at the conference to affirm the decree. Since his resignation he has read this opinion and authorizes us to say that it accords with his views.